**Grover JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65721.**

Missouri Court of Appeals, Western District.

Feb. 6, 2007.

Jeannie Willibey, Assistant Appellate Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Assistant Attorney General, Jefferson City, MO, for respondent.

Before SMART, P.J., and EDWIN H. SMITH and HARDWICK, JJ.

**Order**

PER CURIAM.

Grover Jackson appeals from the motion court's order overruling, after an evidentiary hearing, his Rule 29.15 motion for post-conviction relief, alleging ineffective assistance of counsel. After a jury trial in the Circuit Court of Bates County, the appellant was convicted of attempting to manufacture a controlled substance, in violation of § 195.211. Pursuant to §§ 558.016 and 557.036, the appellant was sentenced, as a prior and persistent offender, to a term of seven years in the Missouri Department of Corrections.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion, after an evidentiary hearing, because the court's findings of fact and conclusions of law made in denying his motion, determining that he did not receive ineffective assistance of counsel for trial counsel's failure to object to certain testimony at trial for a lack of foundation, as alleged in his motion, were clearly erroneous. In his motion, the appellant alleged that his trial counsel was ineffective for failing to object at trial, on foundational grounds, to testimony that certain substances found at the scene of the crime were necessary ingredients in the manufacture of methamphetamine. Specifically, the appellant contends that his trial counsel was ineffective for failing to object at trial to the testimony of the State's witnesses, Deputy Gary Martin of the Bates County Sheriff's Department and E.H. Heckadon, a co-conspirator, that: (1) the crushed powder found in a pail at the scene was ephedrine; (2) the substance found in a thermos at the scene was anhydrous ammonia; (3) the substance found in a Dr. Pepper bottle at the scene was acid;

and (4) all the ingredients necessary to manufacture methamphetamine were present at the scene. As to there being an insufficient foundation laid by the State for the admission of the challenged testimony, the appellant contends that there is nothing in the record demonstrating, as required, that Martin or Heckadon were qualified to give such testimony and that there is nothing in the record establishing the "methodology" used to arrive at their opinions.

We affirm, pursuant to Rule 84.16(b).