

# NUMBER 13-20-00364-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **GEORGE JOSEPH CANO,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 117th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant George Joseph Cano was placed on deferred adjudication community supervision for four years for the offense of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03; TEX. CODE. CRIM. PROC. art. 42.12, § 5. After the State filed its fifth motion to revoke community supervision and adjudicate guilt, the trial court found the alleged violations to be true, adjudicated Cano guilty, and sentenced him to

twelve years in the institutional division of the Texas Department of Criminal Justice. By one issue, Cano challenges the sentence as being disproportionate to the crime under the Eight Amendment of the United States Constitution. *See* U.S. CONST. amend VIII. We affirm.

## I. BACKGROUND

Cano was alleged to have committed aggravated robbery on or about March 20, 2015. After pleading guilty, he was placed on deferred adjudication community supervision for four years on September 21, 2015.[1] On August 8, 2017, the trial court signed an order imposing sanctions on Cano and continued Cano on community supervision.[2] The trial court again sanctioned Cano for violations of his community supervision in August 2018, confining Cano to a substance abuse felony program facility for treatment. In September 2019, Cano's community supervision was extended by two years pursuant to the State's motion to modify the conditions of community supervision.

The State filed its final motion to revoke Cano's community supervision on July 20, 2020, alleging eighteen violations of his community supervision. The alleged violations included six new criminal charges, associating with a convicted felon, failure to report to his supervising officer on six occasions, failure to pay his court costs and supervision fees, failure to report new or subsequent arrests within twenty-four hours, failure to participate in a mental health program, failure to complete anger management, and failure

---

[1] The original terms of community supervision were not included in the clerk's record.

[2] Cano was ordered to serve thirty days in the Nueces County Jail, attend an outpatient relapse prevention program, and attend anger management classes. The trial court found that the sanctions were the third imposition of sanctions against Cano, but the previous sanctions do not appear in the clerk's record.

to complete the required community service hours. Cano pleaded "no contest" to each allegation of failure to report, failure to pay court costs and supervision fees, and on the failure to complete anger management; "true" to the allegations of failure to report new or subsequent arrests within twenty-four hours, failure to participate in a mental health program, and failure to complete community service hours; and "not true" to each allegation of a new criminal charge.

At a hearing on the motion to revoke and adjudicate, the State abandoned two grounds for new alleged criminal acts. The trial court found the allegation that Cano associated with a convicted felon to be "not true" and found all remaining violations to be "true." During punishment, the State called Alexis Villarreal, the complainant to Cano's underlying offense of aggravated robbery, to testify about the incident. Villarreal testified that when she was fifteen or sixteen years old, she was out with a group of friends when Cano and his associates robbed Villarreal by placing a gun to her head and taking her jewelry and other personal belongings. Villarreal testified that she has since had to attend counseling, has anxiety, and feels she cannot trust anybody. After the trial court's ruling on punishment, Cano offered a statement to the court. Cano stated that he was not the individual who held a gun to Villarreal's head, but he was actually outside of the vehicle at the time the robbery occurred. This appeal followed.

## II.    ANALYSIS

By his sole issue, Cano contends that the sentenced imposed on him by the trial court is disproportionate to the crime committed. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, including sentences that are

3

disproportionate to the crime committed. *See* U.S. CONST. amend VIII; *Solem v. Helm*, 463 U.S. 277, 284 (1983). To preserve a complaint that a sentence is disproportionate to the offense committed, a defendant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *Trevino v. State*, 174 S.W.3d 925, 927–28. "Even constitutional claims can be waived by failure to object." *Trevino*, 174 S.W.3d at 927 (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)).

In the case before us, Cano did not object on any grounds to the sentence when it was imposed, nor did he file a motion for new trial arguing the sentence was disproportionate. *See id*. Accordingly, by failing to make a timely objection or motion asserting the punishment qualified as disproportionate, Cano failed to preserve any error for appeal. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 174 S.W.3d at 927. Cano's sole issue is overruled as unpreserved.[3]

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of April, 2021.

---

[3] We note that under *Solem* and its progeny, a twelve-year sentence for aggravated robbery wherein a child was threatened with a gun to her head would not likely be found to be disproportionate. *See Solem*, 463 U.S. at 280–81; *Harmelin v. Michigan*, 501 U.S. 957, 111 (1991); *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Ex Parte Chavez*, 213 S.W.3d 230, 323–24 (Tex. Crim. App. 2006).